**United States District Court Eastern District of Louisiana**

FILED

2017 APR 24 A 10:41

**Michael A. Alexander**

**Plaintiffs**

17-3815

**Vs.**

SECT. A MAG. 5

**Bank of America, NA**

**Defendant**

**Complaint for Damages**

1. Jurisdiction: Federal Rule Civil Procedure Rule 8(a)(2)

This honorable court is vested with jurisdiction over this case pursuant to the appropriate local rule of the E.D. La. United States Court.

2. Parties:

   a) Michael A. Alexander/ Alexander- 2220 Eastmere St. Harvey, La. 70058

   b) Bank of America, NA 11802 Ridge Way Park, Ste. 100 Bloomfield, Co. 80021

3. Statement of complaint:

This complaint for damages comes before the court predicated on various fraudulent procedures with injury was sustained and resulted to loss to plaintiff:

Grounds: Violation of La. Deceptive Trade and Practice Act (Others)

A.) The original mortgage documents executed by borrower and lender and the registration of the mortgage represented by Mortgage Electronic Registration System, is fraudulent and



___ Fee 400.00 Paid
___ Process ____
X Dktd ____
___ CtRmDep ____
___ Doc. No ____

that the chain of title to the property is corrupted. Mortgage Electronic Registration System is no longer in existence, have been absorbed by merscorp, Inc. (mers) is an acronym; strawman, no assets or employees, no members, just a shell. Mers had no valid legal interest in the property, there is no documents evidencing (mers) had the right of the lender (only as nominee) not the holder of the deed of trust to the property attempted to be foreclosed. Because plaintiff takes the note, mortgage and property subject to his defenses or claims as a buyer, there could not be a holder in due course ucc 3-302.

B.) Statue of fraud exists in the subject credit application between plaintiff and defendant and the plaintiff was not given notice that as the mortgagor the original lender made mortgagor a third party contractee without consent. The mortgage and note is made as the investment contract to fund the pooling and servicing agreement contract as the undisclosed third-party and it has not been subscribed to plaintiff, then plaintiff have a property interest in all the proceeds under the undisclosed contract. A.K.A. (Remic Trust)

C.) The right to rescind transaction was violated and denied to plaintiff forms H-8 and H-9 at appendix 12 CFR 226.23- Truth in lending Reg-z;

It says that at foreclosure borrower has the right to rescind loan transaction:

1.) If there was no mortgage brokerage fee.

2.) You were not given notice of right to rescind

3.) You were not given the appropriate form(s) H-8 and H-9 so that the plaintiff be allowed to rescind the transaction if it goes into foreclosure since plaintiff is the real party in interest which gave the mortgage values and the defendants action of foreclosure is constitutionally wrong, violates due process and 12 CFR 226.23, Plaintiff's injury resulted from all (3) violations enumerated;

(i) There were no brokerage fees although the transfer of all note converted to a security due to pooling and service agreement cash flow to investors,

(ii) Plaintiff was not advised about this absolute right to rescind mortgage transaction if it goes bad into foreclosure,

(iii) Plaintiff was not given forms H-8 and H-9 to be allowed to exercise all the above.

D.) **Recession of Contract**

Plaintiff further complain that plaintiff should be entitled to recession because the lending bank did not sign the loan contract because it may have been realized that the bank did not actually loan any money, and that the plaintiff did not receive the signed invoice of the debt or the accounting showing that the loan actually came from a bank, a unilaterally- signed contract is not valid in law, and the debt is null and void.

E.) **Adverse Claim Under UCC 8-102(a)(1)**

Plaintiff believes and thereon alleges that, the original note executed on January 19, 1999 may have been converted to a security (Mortgage backed security) registered on the Sec and on the books of the (DTC) Depository trust corporation. Plaintiff demand that until defendant can produce the accounting representing the legal holder by tax forms 1099 OID or other form, this debt cannot continue to be paid. Plaintiff further demand all rights, titles and interest that may be owed premised on the interest payments plaintiff may be entitled as of right and in effect immediately.

F.) **Relief Demanded**

Plaintiff demand relief because the facts conclusions supported should find plaintiff alleges sufficient claims which entitle him to relief as followed:

Demand that plaintiff be awarded a pro-bono or other court approved attorney or specialist when it is necessary; that determination be made before jury demand as judge as it may please the court; that all fees, court cost be assessed against the defendant based upon good cause.

G.) **Conclusion/Prayer**

Plaintiff pray that this honorable court deems this claim to be proper, plaintiff pray for the sum of $2,000,000 Dollars USD for damages and injury sustained by the corrupt, illegal and deceptive practices mentioned herein, in the alternative the defendant admit the wrong and issue quit claim deed to plaintiff and a minimal damage amount as it may seem just and proper at law.

Date: 4/24/17 Signature: Michael Alexander

Date: ______________ Signature: ______________

2200 Eastmere St.
Harvey, La. 70058
(504)357-6454