UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 17-3815 |
| BANK OF AMERICA, N.A. | SECTION A(5) |

## ORDER AND REASONS

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 7)** filed by Defendant Bank of America, N.A. ("Bank of America"), set for submission on September 20, 2017. This motion is before the Court on the briefs without oral argument. *Pro Se* Plaintiff Michael A. Alexander ("Alexander") has not filed an opposition.[1] For the following reasons, Defendant's motion is **GRANTED**.

### I. Background

This lawsuit arises out of a mortgage loan executed by Alexander. (Rec. Doc. 7-1, p. 2). On January 19, 1999, Alexander and Roxann Franklin Alexander executed a promissory note in the principal amount of $92,791.00 in favor of Deep South Mortgage Company, Inc. ("Deep South"). (Rec. Doc. 7-2). The note was secured by a mortgage on Alexander's immovable property located in Harvey, Louisiana. (Rec. Doc. 7-4). Deep South endorsed the note to Union Planters Bank, National Association. (Rec. Doc. 7-2). On that same day, Alexander executed an Amended and Restated Note in the principal amount of $119,975.66 in favor of the lender, BAC Home Loans, LP. (Rec. Doc. 7-3). The Amended and Restated Note provided that the "'Lender'

---

[1] Alexander is proceeding *pro se*. Because Alexander is proceeding *pro se*, the Court must construe his pleadings liberally. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). However, [t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

means BAC Home Loans Servicing, LP and its successors and assigns." *Id.* The Amended and Restated Note also contains a blank endorsement by Bank of America, as successor by merger to BAC Home Loans Servicing, LP. (Rec. Doc. 7-3, p. 3). The mortgage also secures the Amended and Restated Note.

On May 11, 2009, Alexander entered into a Loan Modification Agreement, whereby BAC Home Loans Servicing, LP, as a subsidiary of Bank of America, agreed to amend and modify the terms of the notes. (Rec. Doc. 7-1, p. 3). On January 15, 2015, Alexander and Home Loan Servicing, LP again agreed to supplement and modify the terms of the original note. (Rec. Doc. 7-6).

On April 24, 2017, Alexander filed this lawsuit. In his complaint, Alexander alleges Bank of America committed various fraudulent procedures that resulted in injury and loss to Alexander. (Rec. Doc. 1, p. 1). Alexander particularly brings his fraudulent practices claim under the Louisiana Unfair Trade Practices Act ("LUTPA"). Alexander claims that Bank of America violated LUTPA by engaging in deceptive trade practices. Particularly, Alexander argues that his right to rescind the mortgage loan was violated under the Truth in Lending Act ("TILA"). 15 U.S.C. § 1601–1667. In particular, Alexander claims that he is entitled to rescind the mortgage loan because the lender (Bank of America and/or Deep South) never signed the loan contract. (Rec. Doc. 1, p. 3). Additionally, Alexander argues that "it may have been realized that the bank did not actually loan any money, and that [Alexander] did not receive the signed invoice of the debt. . . ." *Id.* Moreover, Alexander claims that he was deprived of the required credit and rescission disclosures under TILA and Regulation Z. According to the language of Regulation Z:

> The purpose of [the] regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also includes substantive protections. It gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain

credit card practices, and provides a means for fair and timely resolution of credit billing disputes.

12 C.F.R. § 226.1(b). Alexander also argues that the chain of title regarding the mortgage loan is corrupted because Mortgage Electronic Registration Systems, Inc. ("MERS") "is no longer in existence." (Rec. Doc. 1, p. 2). Alexander argues MERS was absorbed by a different corporation and is just a "strawman, [with] no assets or employees, no members, just a shell." *Id.*

Finally, according to Alexander's complaint, his mortgage loan "may have been converted" to a mortgage backed security. (Rec. Doc. 1, p. 3). Alexander contends that his mortgage loan was unlawfully used to fund a Pooling and Servicing Agreement without his knowledge or consent. *Id*. Alexander demands rights in the proceeds generated under the Pooling and Servicing Agreement. *Id.* Alexander asks for relief in the amount of $2,000,000.00 for the damages sustained from these claims. *Id.* at p. 4.

**II.     Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion pursuant to Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[A]ll well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

**III.    Law and Analysis**

Bank of America contends that Alexander's LUTPA claim is inapplicable because Bank of America is exempt from LUTPA under La. Rev. Stat. § 51:1406(1) and *Troung v. Bank of America, N.A.*, 717 F.3d 377, 385–86 (5th Cir. 2013). After considering the decision in *Troung* as well as Alexander's complaint, the Court is persuaded that Bank of America is correct. The Court also agrees with Bank of America that Alexander's Truth in Lending Act ("TILA") claim is time-barred. In considering the issue concerning Alexander's January 15, 2015 second Loan Modification Agreement, which occurred within 3 years of the filing of this lawsuit, the Court agrees with Judge Vance's decision in *Castrillo v. American Home Mortg. Servicing, Inc.*, which held that a mortgagor's loan modification agreement constitutes a mere modification of a mortgagor's existing debt and not a "refinancing" by a different creditor, such that it does not give rise to disclosure requirements or rescission rights under TILA. 670 F. Supp. 2d 516, 528 (E.D. La. 2016). *See also* (Rec. Doc. 7-1, p. 12 n. 51).

Alexander's claim for rescission of the contract is meritless and can be summarily dismissed. *See Austin v. Bank of America, N.A.*, 2016 WL 6777614, at *5 (E.D. La. 2016). Alexander's argument that the note and mortgage are invalid because they were not signed by Bank of America fails as a matter of Louisiana law. The Louisiana Uniform Commercial Code governs promissory notes. Under the Louisiana UCC, promissory notes do not need to be signed by the lender to be valid and enforceable. La. Stat. Ann. § 10:3-104(a). Similarly, the Louisiana Civil Code requires that only the mortgagor sign a mortgage for it to be valid and enforceable; the mortgagee is not required to sign. La. Civ. Code arts. 3288–89; *see also Butler v. Quicken Loans,*

*Inc.*, No. 15-6799, 2016 WL 1383620, at *3–4 (E.D. La. 2016) (that mortgagee did not sign mortgage does not invalidate the mortgage under Louisiana law). Therefore, the lack of a signature by Deep South or Bank of America has no bearing on the validity and enforceability of the note or mortgage.

Additionally, Alexander's claim that the mortgage is invalid because neither Deep South nor Bank of America actually loaned Alexander money appears to be based on the frivolous "vapor money" theory. This theory has been rejected consistently by federal courts across the country and any claim based on this theory is meritless. *Richardson v. Deutsche Bank Trust Co. Ams.*, No. 08-10857, 2008 WL 5225824, at *7 (M.D. Pa. Dec. 12, 2008) (collecting cases); *Jackson v. Bank of America, N.A.*, No. 13-5795, 2013 WL 6185037, at *3 (E.D. La. 2013).

Finally, Alexander appears to claim that the securitization of the mortgage loan in the form of a Pooling Servicing Agreement ("PSA") invalidates the mortgage loan or gives Alexander an interest in the PSA's proceeds, or both. (Rec. Doc. 1, p. 2). Alexander has pointed to no provision in either the note or the mortgage that prohibits securitization. Moreover, even if the alleged PSA exists, Alexander has not shown that it is plausible that he is a party to the PSA or an identified third-party beneficiary. Thus, any claims asserted by Alexander arising from the PSA are too speculative to state a claim for which relief can be granted. *See, e.g.*, *Sigaran v. U.S. Bank Nat. Ass'n*, 560 Fed. App'x. 410, 413–14 (5th Cir. 2014); *Joseph v. Hospital Service Dist. No. 2. of Parish of St. Mary*, 939 So. 2d 1206, 1212–14 (La. 2006).

Accordingly;

IT IS ORDERED that Defendant's **Motion for Judgment on the Pleadings (Rec. Doc. 7)** is **GRANTED**.  Plaintiff's complaint against Defendant is **DISMISSED** with prejudice.

New Orleans, Louisiana, this 25th day of October, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE